UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGAN MULLINEX,

     Plaintiff,

vs.                                  CASE NO.:  8:16-CV-02492-JDW-JSS

BARNETT OUTDOORS, LLC,
SYNERGEY OUTDOORS, LLC, and
WILDGAME INNOVATIONS, LLC,

     Defendant.
_____/

**DEFENDANT BARNETT'S BRIEF TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
UNDER SEAL**

     Defendant, BARNETT OUTDOORS, LLC, ("Barnett"), pursuant to Local Rule 1.09, files

this Brief Regarding Plaintiffs' Motion for Leave to File Under Seal, and in support, Defendant

states as follows:

**INTRODUCTION**

     Defendant Barnett filed a Motion for Partial Summary Judgment (Dkt# 26), seeking

summary judgment on Plaintiffs' failure to warn and punitive damages claims, and Defendants

Synergy Outdoors, LLC and Wildgame Innovations, LLC filed a separate Motion for Summary

Judgment ((Dkt#27), based on the fact that they are merely affiliate companies and played no role

in the manufacture, distribution or sale of the subject crossbow. Plaintiff filed his response to

Defendant Barnett's Motion for Partial Summary Judgment (Dkt#37) and his response to

Defendants Synergy and Wildgame's Motion for Summary Judgment (Dkt#36),  However, due to

a confidentiality agreement between the parties, Plaintiff did not include copies of certain

documents produced by Barnett and designated as "Confidential" under the agreement.  Plaintiff

filed his Unopposed Motion for Leave to File Under Seal, (Dkt#38), listing those documents designated as Confidential.  Barnett now submits this brief regarding the motion for leave to file under seal, and providing a more fulsome analysis of the documents Plaintiff seeks to file under seal.  However, Barnett does not support Plaintiff's contention that the documents he seeks to file under seal are relevant to or necessary for the issues raised in the motions for summary judgment.

## ARGUMENT

Rule 1.09 of the Local Rules for the U.S. District Court for the Middle District of Florida governs motions for leave to file a document under seal.  Rule 1.09(a) provides in part:

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

Barnett, as the party claiming the confidential interest in the subject documents, seeks to comply with Rule 1.09 by filing this memorandum of law. Despite efforts to obtain a clear indication from Plaintiff of the documents he sought to file as exhibits to his responses to the motions for summary judgment, Barnett was not able to identify those exhibits until after the documents were filed.  A review of the exhibits filed in conjunction with Docket #s 36 and 37 reveals that only two documents are of such a sensitive nature that they meet the stringent requirements for filing a document under seal.  Barnett does not claim, however, that either of the documents discussed below is necessary or even relevant to this court's determination of the pending motions for summary judgment.

1. **The Crossbow Claims Chart**

Plaintiff's counsel requested documents and a corporate designee relating to any claims that Barnett has received involving alleged injuries to thumbs or fingers caused when a crossbow user placed his or her thumb or fingers in the path of the crossbow string.  Barnett did not maintain a list of such claims as such, but to respond to the discovery request, counsel for Barnett catalogued the claims, and included every claim, regardless of model, warnings provided, type of foregrip, etc. The chart reflects every known incident involving a Barnett crossbow since the company's inception.  That chart has now been cited by Plaintiff as Exhibit L in Dkt # 36, and as Exhibit J in Dkt # 37. Barnett has never stated or taken the position that the incidents listed in the chart are substantially similar, as contended by Plaintiff in his motion.  Barnett disputes that the Crossbow Claims Chart (the "Chart") is relevant, and objects to its consideration based on the grounds that the document is inadmissible hearsay. It is not a business record, and Plaintiff has failed to identify a single hearsay exception that would apply to allow its admission into evidence.

The second requirement of Local Rule 1.09 set forth above is a showing that filing the document at issue is necessary. Plaintiff has failed to make any such showing.  Plaintiff cites the Chart twice in his Response to Barnett's Motion for Partial Summary Judgment, fn 15 on p. 16, and fn. 41 on p. 21 (Dkt # 36).  In both instances, the Chart is submitted solely for the inflammatory purpose of identifying the number of claims set forth on the Chart.  That fact has little bearing on the issues raised by Defendants' Motion.  Therefore, Plaintiff has made no showing that it is necessary for him to submit the Chart as an exhibit to the motion

Recognizing that the Court may need to review the Chart before making a determination as to its relevance and admissibility, Barnett requests that, should the Court request the opportunity to review the Chart, it be submitted *in camera.* If the Court finds that Plaintiff has made a showing

3

of a need to file the Chart, Barnett requests that the Chart be filed under seal. The Chart identifies each and every individual ever to have made a claim, including those who did so confidentially to the U.S. Consumer Products Safety Commission. Those individuals have not availed themselves of this Court or otherwise indicated agreement to be identified in a publicly filed document. *Shamblin v. Obama for Am.*, 2014 WL 6611006 (M.D. Fla. Nov. 21, 2014) (granting-in-part motion to seal exhibits where contact information of numerous individuals were contained in certain exhibits and the individuals had not consented to disclosure of their personal information). Furthermore, the Chart is highly prejudicial, as it fails to discuss the many differences in the claims. The Chart lists more than a dozen different crossbow models over a period of eight years, and each crossbow model had different features, including safety features. The Chart does not list the various features in each crossbow that has an impact on each claim. Similarly, the incidents identified occurred in varied manners while the individuals were seated, standing, walking or resting the crossbow on an object, and the chart does not provide those differences. Allowing the Chart to be publicly accessible is highly prejudicial, as it is merely a listing of the claim itself, and fails to provide a complete analysis of the varied factors that relate to each claim. For these reasons, Barnett submits that the Crossbow Claims Chart should be filed under seal.

2. **The Crossbow Modification Timeline**

Plaintiff also seeks to file Barnett's Crossbow Modification Timeline (the "Timeline") under seal. The Timeline is identified as Exhibit L in the Appendix to Plaintiff's Response to Barnett's Motion for Partial Summary Judgment (Dkt# 36); and as Exhibit K in the Appendix to Plaintiff's Response to Defendants' Synergy Outdoors and Wildgame Innovations' Motion for Summary Judgment (Dkt# 37) The Timeline was created by Barnett engineers to detail each engineering change to the various crossbow models over time. The information contains

information that is sensitive to Barnett, as its disclosure would provide detailed engineering information to Barnett's competitors. *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5874584 (M.D. Fla. Oct. 31, 2013) (granting motion for leave to file under seal where the documents at issue contained sensitive technical drawings, designs, test data, and non-public financial data that were important to Teledyne's business, Teledyne derived value from their secrecy, and there were no alternate means available to acquaint the Court with the facts other than through the use of the confidential documents). Barnett has treated the information on the Timeline as confidential, similar to its engineering drawings and component pricing information.  For this reason, Barnett respectfully requests that the Timeline be filed under seal.

3. **The Remaining Documents Listed In Plaintiffs' Motion For Leave To File Under Seal.**

Although Barnett does not concede the relevance or admissibility of the remaining documents listed in Plaintiffs' Unopposed Motion For Leave To File Under Seal (Dkt # 38), Barnett does not seek to have them filed under seal, as they do not fit within the requirements delineated in Local Rule 1.09.[1]

## CONCLUSION

WHEREFORE, Defendant, Barnett Outdoors, LLC, respectfully requests this Honorable Court grant Plaintiff's Motion for Leave and allow the Crossbow Claims Chart and the Crossbow Modification Timeline to be filed under seal.

---

[1] Plaintiff lists in Paragraph 8, exhibit 41 to the deposition of Michael Houllis.  However, a review of Plaintiffs' responses (Dkt # 36, 37) reveals that Plaintiff has not cited this exhibit. Accordingly, it would be improper to submit the document as evidence, and no need to seek to file it under seal. To the extent Plaintiff seeks to file said exhibit, Barnett objects and requests leave to file a brief in opposition.

Dated: July 25, 2017

/s/ Christopher T. Sheean_____
CHRISTOPHER T. SHEEAN
Illinois Bar No. 6210018
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois  60611
E-mail:  csheean@smbtrials.com
(312) 321-9100 – Phone
(312) 321-0990 – Fax
**Attorney for Defendants**

ROBERT M. FULTON, FBN. 008516
NICOLE DUGA, FBN 111961
HILL, WARD & HENDERSON, P.A.
P.O. Box 2231
Tampa, FL 33601-2231
E-mail: Bob.Fulton@hwhlaw.com
E-mail: Nicole.Duga@hwhlaw.com
Secondary E-mail: susan.phillipp@hwhlaw.com
Phone: (813) 221-3900
Fax: (813) 221-2900
**Attorneys for Defendants**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed and thereby served on July 25, 2017.

/s/ Christopher T. Sheean
CHRISTOPHER T. SHEEAN
Illinois Bar No. 6210018
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois  60611
E-mail:  csheean@smbtrials.com
(312) 321-9100 – Phone
(312) 321-0990 – Fax
**Attorney for Defendants**

7