UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGAN MULLENIX,

    Plaintiff,

v.                                                                             Case No: 8:16-cv-2492-T-JSS

BARNETT OUTDOORS, LLC, SYNERGY
OUTDOORS, LLC and WILDGAME
INNOVATIONS, LLC,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S UNOPPOSED MOTION TO SEAL

THIS MATTER is before the Court on Plaintiff's Unopposed Motion to Seal ("Motion") (Dkt. 38), and the brief regarding the Motion filed by Defendant Barnett Outdoors, LLC ("Barnett") (Dkt. 39). Plaintiff seeks to seal exhibits attached to his responses opposing the Defendants' motions for summary judgment on the grounds that they were marked "confidential" by Barnett pursuant to the parties' confidentiality agreement. For the reasons that follow, the Motion is granted in part and denied in part.

Under Middle District of Florida Local Rule 1.09, a party seeking to file any paper or other matter under seal must: (1) identify and describe each item proposed for sealing; (2) state the reason that filing each item is necessary; (3) state the reason that sealing each item is necessary; (4) state the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) state the proposed duration of the seal; and (6) provide a memorandum of legal authority supporting the seal. M.D. Fla. Local R. 1.09(a). No order sealing any item shall extend beyond one year, but a seal may be renewed upon filing a proper motion. *Id.* at 1.09(c).

Additionally, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern," "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). However, "[t]his right of access is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Id.* at 1245–46. In particular, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246.

In the Motion, Plaintiff states that six exhibits he attached to his responses opposing summary judgment have been designated by Barnett as confidential pursuant to "Confidentiality Agreements Orders which relate to a number of similar cases." (Dkt. 38.) Barnett, "as the party claiming the confidential interest in the subject documents," filed a brief regarding Motion. (Dkt. 39.) In its brief, Barnett states that only two of the six exhibits "are of such a sensitive nature that they meet the stringent requirements for filing a document under seal," which are the exhibits referred to as the "Crossbow Claims Chart" ("Chart") and the "Crossbow Modification Timeline" ("Timeline").

The Chart was prepared by Barnett's counsel in response to a request from Plaintiff for a list of all claims Barnett has received involving alleged injuries to thumbs or fingers caused by crossbows. Thus, the Chart "reflects every known incident involving a Barnett crossbow since the company's inception." (Dkt. 39 at 3.) Plaintiff cites the Chart as Exhibit N (Dkt. 36-1) and Exhibit J (Dkt. 37-1) in his responses opposing the motions for summary judgment. Barnett argues that Plaintiff cannot meet the second requirement of Local Rule 1.09(a) because filing the Chart is not

necessary to support Plaintiff's opposition to the summary judgment motions but is instead irrelevant to opposing summary judgment and is "submitted solely for the inflammatory purpose of identifying the number of claims set forth on the Chart." (Dkt. 39 at 3.) If the Court, however, finds Plaintiff has shown that it is necessary to his responses to summary judgment, Barnett requests that the Chart be filed under seal. (*Id.* at 3–4.) The Chart contains information about all crossbow claimants, many of whom who made confidential claims through the U.S. Consumer Products Safety Commission. (*Id.* at 4.) These individuals have not availed themselves of this Court and have not indicated agreement to being identified in this document. (*Id.*)

As to the Timeline, it was allegedly created by Barnett engineers to document engineering changes to Barnett crossbow models throughout time. Plaintiff refers to the Timeline as Exhibit L (Dkt. 36-1) and Exhibit K (Dkt. 37-1) in his responses opposing summary judgment. Barnett contends that this Timeline contains its confidential, proprietary, trade secret information that should not be made publicly available to Barnett's competitors. Accordingly, Defendant requests that the Timeline be filed under seal.

As an initial matter, the Court denies the Motion as to all exhibits other than the Chart and the Timeline because Barnett, the party who marked them confidential, does not request that they be filed under seal. (Dkt. 39 at 5.) Thus, the requirements of Local Rule 1.09(a)(iv) have not been satisfied. As to the Timeline, Barnett has demonstrated good cause for it to be sealed because it contains a compilation of proprietary, trade secret information about Barnett's product designs that warrants protection from dissemination to competitors. *See Teledyne Instruments, Inc. v. Cairns*, No. 6:12-CV-854-ORL-28TB, 2013 WL 5874584, at *2 (M.D. Fla. Oct. 31, 2013) (sealing documents containing technical drawings and other information related to the plaintiff's products because these documents "derive value from not being publicly known"); Fed. R. Civ. P.

- 4 -

26(c)(1)(G) (allowing a court, for good cause, to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"). Therefore, the Motion is granted as to the Timeline.

Finally, more information is necessary for the Court to make a determination about whether the Chart should be filed under seal. Plaintiff is directed to supplement the Motion within five (5) days explaining "the reason that filing each item is necessary" pursuant to Local Rule 1.09(a)(ii). Plaintiff shall also email the Chart to the Court, at Chambers_FLMD_Sneed@flmd.uscourts.gov, for in camera review. Accordingly, it is

**ORDERED**:

1. Plaintiff's Unopposed Motion to Seal (Dkt. 38) is **GRANTED** in part and **DENIED** in part.

2. The Clerk is directed to accept, under seal, the Crossbow Modification Timeline, which is Exhibit L (Dkt. 36-1) and Exhibit K (Dkt. 37-1) to Plaintiff's responses opposing summary judgment (Dkts. 36, 37). The Timeline shall remain under seal for a period of one (1) year. *See* M.D. Fla. Local R. 1.09(c).

3. Plaintiff is directed to supplement the Motion within five (5) days with information responsive to Middle District of Florida Local Rule 1.09(a)(ii) concerning the Chart. Plaintiff shall also email the Chart to the Court, at Chambers_FLMD_Sneed@flmd.uscourts.gov, for in camera review. Alternatively, Plaintiff shall notify the Court in a notice filed with the Court that

it withdraws the Motion as to the Chart.

**DONE** and **ORDERED** in Tampa, Florida, on July 26, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record