UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGAN MULLENIX,

    Plaintiff,

v.                                                                                Case No: 8:16-cv-2492-T-JSS

BARNETT OUTDOORS, LLC, SYNERGY
OUTDOORS, LLC and WILDGAME
INNOVATIONS, LLC,

    Defendants.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff's brief supplementing his Unopposed Motion to Seal ("Motion") (Dkts. 38, 45). In a prior order, the Court granted in part and denied in part the Motion. (Dkt. 40.) In relevant part, the Court directed Plaintiff to supplement the Motion with argument regarding Plaintiff's request to seal the "Crossbow Claims Chart" ("Chart") that Plaintiff attached as Exhibit N (Dkt. 36-1) and Exhibit J (Dkt. 37-1) to his responses opposing Defendants' summary judgment motions. Specifically, the Court directed Plaintiff to supplement the Motion with a response to Defendant Barnett Outdoors, LLC's ("Barnett") argument that filing the Chart is unnecessary. *See* M.D. Fla. Local R. 1.09(a)(ii). (Dkt. 40.) Further, the Court directed Plaintiff to submit the Chart to the Court for in camera review.

As previously explained (Dkt. 40), the Chart was prepared by Barnett's counsel in response to a request from Plaintiff for a list of all claims Barnett has received involving alleged injuries to thumbs or fingers caused by crossbows. (Dkt. 39 at 3.) Barnett explains that the Chart "reflects every known incident involving a Barnett crossbow since the company's inception" "regardless of model, warnings provided, type of foregrip, etc." (*Id.*) Barnett contends that it has "never stated

or taken the position that the incidents listed in the chart are substantially similar [to Plaintiff's incident], as contended by Plaintiff in his motion." (*Id.*)  Barnett disputes the relevancy and admissibility of the Chart and argues that Plaintiff uses the Chart for inflammatory purposes. (*Id.*)

Nonetheless, Barnett requests that the Chart be filed under seal should the Court find that Plaintiff has shown that it is necessary to file the Chart. (*Id.* at 3–4.)  This is because the Chart contains information about all crossbow claimants, many of whom made confidential claims through the U.S. Consumer Products Safety Commission. (*Id.* at 4.)  These individuals have not availed themselves of this Court and have not indicated agreement to being identified in this document. (*Id.*)

In his supplemental brief in support of the Motion, Plaintiff argues that the Chart "is completely relevant to the issue of Barnett's knowledge that inadequately guarded crossbows cause injury to its users, and that Barnett was on notice that its inadequately guarded crossbows, had in fact, caused injury to over 100 other Barnett crossbow users prior to Plaintiff Mullenix's injury." (Dkt. 45 at 5.)  Specifically, in response to the summary judgment motions, Plaintiff cites the Chart in support of his assertion that Barnett had knowledge of similar injuries due to its allegedly defective crossbows. (Dkt. 36 at 5, 6, 16, 21; Dkt. 37 at 5, 6, 13–14.)  Thus, Plaintiff cites the Chart to argue that there is a sufficient issue of fact regarding Defendant's knowledge of the crossbow injuries as it relates to Plaintiff's claim for punitive damages. (Dkt. 36 at 13–18, 23–24.)

As Plaintiff uses the Chart to support his opposition to Defendants' summary judgment motions, the Court concludes that Plaintiff has met the second requirement of Local Rule 1.09(a). *See Bastian v. United Servs. Auto. Ass'n*, No. 3:13-CV-1454-J-32MCR, 2014 WL 6908430, at *2 (M.D. Fla. Dec. 8, 2014) (finding Local Rule 1.09 met because the movant "has shown that [the

documents it sought to be sealed] are proprietary and may be relevant to the Court's consideration of [movant's] motion for summary judgment"); *Arthrex, Inc. v. Parcus Med., LLC*, No. 2:11-CV-694-FTM-29CM, 2014 WL 12616968, at *1 (M.D. Fla. Feb. 19, 2014) (sealing documents because the movant "sufficiently explained that filing the documents is 'necessary for [movant] to effectively support its Surreply to [the] summary judgment motion'").

Further, upon review of the Chart, which Plaintiff submitted for in camera review, the Court determines that it should be filed under seal to protect the confidential and sensitive information of non-parties included in the Chart. *See Shamblin v. Obama for Am.*, No. 8:13-CV-2428-T-33TBM, 2014 WL 6611006, at *3 (M.D. Fla. Nov. 21, 2014) (granting a motion to seal as to documents containing personal identifying information of third parties who "have not consented to disclosure of their personal information"); *U.S. ex rel. Westfall v. Axiom Worldwide, Inc.*, No. 806-CV-571-T-33TBM, 2008 WL 5341140, at *4 (M.D. Fla. Dec. 19, 2008) (finding that an order to seal was required to protect the information of innocent third parties who had "not consented to disclosure of their personal information"). Accordingly, it is

**ORDERED**:

1. Plaintiff's Unopposed Motion to Seal (Dkt. 38), as supplemented (Dkt. 45), is **GRANTED** as to the Chart.

2. The Clerk is directed to accept, under seal, the "Crossbow Claims Chart," which is Exhibit N (Dkt. 36-1) and Exhibit J (Dkt. 37-1) to Plaintiff's responses opposing summary judgment (Dkts. 36, 37). The Chart shall remain under seal for a period of one (1) year. *See* M.D.

Fla. Local R. 1.09(c).

**DONE** and **ORDERED** in Tampa, Florida, on August 7, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record